# EXHIBIT B



**Service of Process Transmittal**
07/05/2016
CT Log Number 529449265

| | |
|---|---|
| **TO:** | Tracey Gilliam, Chief Counsel of Litigation<br>Metropolitan Life Insurance Company<br>1095 Avenue of the Americas<br>New York, NY 10036-6796 |
| **RE:** | **Process Served in Texas** |
| **FOR:** | MetLife Group, Inc.  (Domestic State: NY) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Wesley E. Wright on behalf of the Estate of Richard H. Boyd, etc. and Ellen A. Lloyd, etc., Pltfs. vs. Metlife Group, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Citation, Original Petition |
| **COURT/AGENCY:** | 333rd Judicial District Court Harris County, TX<br>Case # 201643128 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 07/05/2016 postmarked on 06/30/2016 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after service |
| **ATTORNEY(S) / SENDER(S):** | Joshua R. Fiores<br>Crain, Caton, James, P.C.<br>1401 McKinney, Suite 1700<br>Houston, TX 77010<br>713-658-2323 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/06/2016, Expected Purge Date: 07/11/2016<br><br>Image SOP<br><br>Email Notification,  CTServiceof Process  litigationintake@metlife.com |
| **SIGNED:**<br>**ADDRESS:**<br><br>**TELEPHONE:** | C T Corporation System<br>1999 Bryan St Ste 900<br>Dallas, TX 75201-3140<br>214-932-3601 |

Page 1 of  1 / PC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.



**CHRIS DANIEL**
HARRIS COUNTY DISTRICT CLERK
P.O. Box 4651
HOUSTON, TEXAS 77210-4651



7015 1520 0003 3653 5686



047J82004178
$07.36⁰
06/30/2016
Mailed From 77002
US POSTAGE

Metlife Group Inc
By serving through its registered agent
CT Corporation System
1999 Bryan Ste. 900
Dallas, Texas 75201-3136

CAUSE NO. 201643128

| | | |
|---|---|---|
| RECEIPT NO. | 75.00 | CTM |
| ********** | TR # 73260933 | |

| | |
|---|---|
| PLAINTIFF: WRIGHT, WESLEY E (ON BEHALF OF THE ESTATE OF RICHARD H BOYD A/K/A<br>vs.<br>DEFENDANT: METLIFE GROUP INC | In The   333rd<br>Judicial District Court<br>of Harris County, Texas<br>333RD DISTRICT COURT<br>Houston, TX |

CITATION (CERTIFIED)

THE STATE OF TEXAS
County of Harris

TO: METLIFE GROUP INC BY SERVING THROUGH ITS REGISTERED AGENT
   CT CORPORATION SYSTEM

   1999  BRYAN STE 900    DALLAS  TX   75201 - 3136

   Attached is a copy of <u>PLAINTIFF'S ORIGINAL PETITION</u>

This instrument was filed on the <u>24th day of June, 2016</u>, in the above cited cause number and court. The instrument attached describes the claim against you.

   YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday next following the expiration of 20 days after you were served this citation and petition, a default judgment may be taken against you.

TO OFFICER SERVING:

   This citation was issued on 27th day of June, 2016, under my hand and seal of said Court.

<u>Issued at request of</u>:
FLORES, JOSHUA R
1401  MCKINNEY STREET, SUITE 1700
HOUSTON, TX  77010
Tel: (713) 658-2323
<u>Bar No.</u>: 24085110

CHRIS DANIEL, District Clerk
Harris County, Texas
201 Caroline, Houston, Texas 77002
(P.O. Box 4651, Houston, Texas 77210)

Generated By: CUERO, NELSON  7MM//10418882

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by mailing to Defendant certified mail, return receipt requested, restricted delivery, a true copy of this citation together with an attached copy of
PLAINTIFF'S ORIGINAL PETITION
to the following addressee at address:

_____          _____
                                          ADDRESS

_____          Service was executed in accordance with Rule 106
(a) ADDRESSEE                               (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
                                             hereto at

_____          on _____ day of _____, _____
                                          by U.S. Postal delivery to _____

                                          This citation was not executed for the following
                                          reason: _____

                                          CHRIS DANIEL, District Clerk
                                          Harris County, TEXAS

                                          By _____, Deputy

N.INT.CITM.P                       *73260933*

6/24/2016 5:26:44 PM
Chris Daniel - District Clerk Harris County
Envelope No. 11335161
By: Nelson Cuero
Filed: 6/24/2016 5:26:44 PM

**2016-43128 / Court: 333**

CAUSE NO. _____

| | | |
|---|---|---|
| WESLEY E. WRIGHT on behalf of the ESTATE OF RICHARD H. BOYD, a/k/a RICHARD H. BOTZ, DECEASED, and ELLEN A. LLOYD, individually and as attorney-in-fact for MARGARET E. BOTZ | § § § § § § § § § § § | IN THE DISTRICT COURT OF <br><br> HARRIS COUNTY, T E X A S <br><br> \_\_\_\_ JUDICIAL DISTRICT |
| V. | | |
| METLIFE GROUP, INC. | | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Plaintiffs, Wesley E. Wright, on behalf of the Estate of Richard H. Boyd, a/k/a Richard H. Botz, and Ellen A. Lloyd, individually, and as attorney-in-fact for Margaret E. Botz (collectively, "Plaintiffs"), and file this Original Petition against Defendant, Metlife Group, Inc. and show the following:

### Discovery Level

1. Pursuant to Texas Rule of Civil Procedure 190, this case should proceed under Level 2 for discovery purposes.

### Parties

2. Plaintiff, Wesley E. Wright (the "Administrator") is the Independent Administrator of the Estate of Richard H. Boyd, a/k/a Richard H. Botz ("the Estate"). The Administrator resides in Harris County, Texas, which is also the location of Boyd's death.

3. Plaintiff, Ellen A. Lloyd ("Lloyd"), is an individual residing in Wisconsin and hereby submits to the jurisdiction of this Court.

4.  Plaintiff, Ellen A. Lloyd, is also an attorney-in-fact for Margaret E. Botz ("Botz"), by virtue of a Statutory Durable Power of Attorney.

5.  Defendant, Metlife Group, Inc. ("Metlife") is an insurance company doing business in the State of Texas and may be served with citation through its registered agent, CT Corporation System, 1999 Bryan Ste. 900, Dallas, Texas 75201-3136.

## Jurisdiction and Venue

6.  This action is brought for statutory and common law violations of Texas law arising out of life insurance coverage provided by Metlife for Richard H. Boyd, a/k/a Richard H. Botz ("Boyd"), who died intestate on June 24, 2014 in Harris County, Texas.

7.  This Court has jurisdiction of this matter under Tex. Civ. Prac. & Rem. Code § 15.001 *et seq.* because the loss triggering Metlife's coverage (Boyd's death) occurred in Harris County, Texas.

8.  Venue is permissive in Harris County, Texas, under TEX. CIV. PRAC. & REM. CODE § 15.032 because Metlife is an insurance company that conducts business in Harris County, the loss occurred in Harris County, and the policy holder resided in Harris County at the time of his death.

## Facts

9.  In 1988, Boyd purchased Metlife Group Universal Life Insurance coverage through his employer, Bechtel Corporation. Coverage was provided under Metlife group policy number 0098020 (the "Policy"). The certificate number for the Policy was 0622372, with an effective date of April 1, 1988.

10. Boyd made timely payments on the Policy and its coverage continued throughout the duration of Boyd's life. Boyd died intestate on June 24, 2014 in Harris County, Texas. His only

living heirs were his sister, Ellen A. Lloyd, and his mother, Margaret E. Botz. Boyd was never married nor did he have any children.

11.     On October 14, 2014, the Administrator filed a claim with Metlife on behalf of the Estate seeking benefits under the Policy. The Administrator mailed to Metlife a complete Life Insurance Claim Form Claimant's Statement and Claimant's Affidavit, along with Letters of Administration and a certified copy of Boyd's Death Certificate. The Administrator's Metlife claim number was 21407002690.

12.     Shortly after filing the Estate's claim, the Administrator learned that the named beneficiary on the Policy may be "Uncle Grover Boyd." However, Boyd's birth surname was "Botz," his mother's maiden name was "Ostertag," and he did not have an uncle named "Grover." Moreover, "Grover" was actually one of Boyd's many aliases.

13.     On February 18, 2015, the Administrator followed-up on the Estate's claim to Metlife with a detailed letter explaining the aforementioned situation about Boyd's surnames, aliases, and absence of an uncle named "Grover." To substantiate the information in the letter, the Administrator provided Metlife with, among other things, copies of Boyd's social security card, birth certificate, individual tax returns, Texas driver's licenses, his parents' marriage certificate, and his father's death certificate.

14.     On March 11, 2015, Metlife sent a letter to the Administrator informing him that the company had received the Estate's claim, but "[d]ue to special circumstances," its evaluation of the claim would be delayed for a short period of time.

15.     On March 23, 2015, Metlife sent a letter to the Administrator denying the Estate's request for Policy benefits. Metlife denied the Estate's claim because it alleged that the Estate was not a named beneficiary. Furthermore, despite the plethora of certified documents from the

Administrator establishing the non-existence of an "Uncle Grover Boyd," Metlife maintained that it was "unable to confirm whether the designated beneficiary is nonexistent." Although Plaintiffs believe the named beneficiary to be "Uncle Grover Boyd," Metlife refuses to confirm or deny the name of the beneficiary, let alone provide the purported document wherein Boyd made the designation.

16.   On December 21, 2015, the Administrator re-submitted the Estate's claim for Policy benefits. The following day, Metlife once again sent a letter to the Administrator stating that it needed additional time to evaluate the claim.

17.   On January 7, 2016, Metlife denied the Estate's claim for Policy benefits for a second time in the face of clear evidence that the named beneficiary does not exist.

18.   On January 28, 2016, Ellen Lloyd (Boyd's sister) filed a claim with Metlife as attorney-in-fact for Margaret Botz (Boyd's mother), requesting Policy benefits. Lloyd's Metlife claim number was 21412002005.

19.   On February 12, 2016, Metlife mailed a letter to Lloyd denying her claim for Policy benefits on behalf of Botz. The letter was identical to the ones sent to the Administrator on March 23, 2015 and January 7, 2016. In other words, Metlife once again denied Policy benefits in the face of clear evidence to the contrary.

## Causes of Action

### A.   First Cause of Action—Violations of Texas Insurance Code § 541

20.   Plaintiffs incorporate the allegations contained in the previous paragraphs.

21.   The actions, omissions and conduct of Metlife are unfair settlement practices and unfair claim settlement practices and violate § 541 (formerly 21.21) and § 542A of the Texas Insurance Code. Metlife's unfair settlement practices include, but are not limited to, the following:

   1) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims when Metlife's liability had become reasonably clear; and

   2) refusing to pay Plaintiffs' claims without conducting a reasonable investigation and/or conducting a pretextual investigation.

22. Plaintiffs incorporate the allegations contained in the previous paragraphs. One or more of these acts or omissions were done knowingly and Plaintiffs are entitled to an award of an amount three times their actual damages under § 541.152 of the Texas Insurance Code.

   **B.** **<u>Second Cause of Action—Violation of Texas Insurance Code § 542B</u>**

23. Plaintiffs incorporate the allegations contained in the previous paragraphs.

24. Metlife has, after receiving all items, statements, and information reasonably necessary to pay the claims, unreasonably delayed payment of Plaintiffs' claims. Accordingly, Plaintiffs are entitled to the recovery of the amount of their claims, interest on the amount of their claims at the rate of 18 percent a year as damages, together with reasonable attorney's fees under § 542.060 of the Texas Insurance Code.

   **C.** **<u>Third Cause of Action—Breach of Duty of Good Faith and Fair Dealing</u>**

25. Plaintiffs incorporate the allegations contained in the previous paragraphs.

26. A special relationship of trust and confidence exists between Metlife and Plaintiffs, creating Metlife's duty of good faith and fair dealing as to Plaintiffs. Metlife breached its duty of good faith and fair dealing when it denied Plaintiffs Policy proceeds which the premium payments made to Metlife should have provided. Metlife ignored the proper legal standard, misrepresented the law, and intentionally misapplied and misconstrued the policy provisions and exclusions and unreasonably denied and refused to pay benefits owed under the policy. Plaintiffs sue Metlife for actual and exemplary damages resulting from Metlife's breach of its

duty and good faith and fair dealing. Metlife's conduct amounts to bad faith and unconscionable conduct.

### Relief

27. Plaintiffs request the Court order that:

    a. Metlife pay the full amount due under the Policy;

    b. Metlife pay Plaintiffs' actual damages for Metlife's violation of the Texas Insurance Code;

    c. Metlife pay exemplary and/or treble damages for its violations of § 541 and § 542 of the Texas Insurance Code;

    d. Metlife pay Plaintiffs' actual damages for its breach of duty of good faith and fair dealing owed to Plaintiffs;

    e. Metlife pay exemplary damages for its breach of duty of good faith and fair dealing;

    f. Metlife pay an 18% penalty under § 542 of the Texas Insurance Code for its unreasonable denial and delay in paying Policy benefits;

    g. Metlife pay all of Plaintiffs' costs of suit, attorney's fees and expenses incurred in connection with asserting their rightful claim to Policy proceeds, and defending against any claims, defenses, or other such pleadings Metlife may file against Plaintiffs in all their capacities;

    h. Metlife pay Plaintiffs' pre- and post-Judgment interest on all damages; and

    i. Plaintiffs have all further relief to which they are entitled.

Respectfully submitted,

CRAIN, CATON & JAMES, P.C.

By: /s/ *Joshua R. Flores*
Sarah Patel Pacheco
State Bar No. 00788164
spacheco@craincaton.com
Joshua R. Flores
State Bar No. 24085110
jflores@craincaton.com
David A. Polsinelli
dpolsinelli@craincaton.com
State Bar No. 24088238
1401 McKinney, Suite 1700
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 Facsimile

ATTORNEYS FOR PLAINTIFFS

6/24/2016 5:26:44 PM
Chris Daniel - District Clerk Harris County
Envelope No: 11335161
By: CUERO, NELSON
Filed: 6/24/2016 5:26:44 PM

Case 4:16-cv-02214   Document 1-2   Filed in TXSD on 07/25/16   Page 12 of 13

# CIVIL CASE INFORMATION SHEET

**CAUSE NUMBER** *(FOR CLERK USE ONLY)*: _____   **COURT** *(FOR CLERK USE ONLY)*: _____

**STYLED** _____
(e.g., John Smith v. All American Insurance Co; In re Mary Ann Jones; In the Matter of the Estate of George Jackson)

A civil case information sheet must be completed and submitted when an original petition or application is filed to initiate a new civil, family law, probate, or mental health case or when a post-judgment petition for modification or motion for enforcement is filed in a family law case. The information should be the best available at the time of filing.

## 1. Contact information for person completing case information sheet:

| | | |
|---|---|---|
| Name: Sarah Patel Pacheco | Email: pacheco-efile@craincaton.com | |
| Address: 1401 McKinney St. #1700 | Telephone: 713-752-8630 | |
| City/State/Zip: Houston, TX 77010 | Fax: 713-658-1921 | |
| Signature: _____ | State Bar No: 00788164 | |

**Names of parties in case:**

Plaintiff(s)/Petitioner(s):

Wesley E. Wright, Independent Administrator of the Estate of Richard H. Boyd, a/k/a Richard H. Botz; Ellen A. Lloyd, Individually and as Attorney in Fact for Margaret E. Botz

Defendant(s)/Respondent(s):

Metlife Group, Inc.

[Attach additional page as necessary to list all parties]

**Person or entity completing sheet is:**
- [X] Attorney for Plaintiff/Petitioner
- [ ] *Pro Se* Plaintiff/Petitioner
- [ ] Title IV-D Agency
- [ ] Other: _____

Additional Parties in Child Support Case:
Custodial Parent: _____
Non-Custodial Parent: _____
Presumed Father: _____

## 2. Indicate case type, or identify the most important issue in the case *(select only 1)*:

### Civil

**Contract**

*Debt/Contract*
- [ ] Consumer/DTPA
- [ ] Debt/Contract
- [ ] Fraud/Misrepresentation
- [ ] Other Debt/Contract: _____

*Foreclosure*
- [ ] Home Equity—Expedited
- [ ] Other Foreclosure
- [ ] Franchise
- [ ] Insurance
- [ ] Landlord/Tenant
- [ ] Non-Competition
- [ ] Partnership
- [ ] Other Contract: _____

**Injury or Damage**
- [ ] Assault/Battery
- [ ] Construction
- [ ] Defamation

*Malpractice*
- [ ] Accounting
- [ ] Legal
- [ ] Medical
- [ ] Other Professional Liability: _____
- [ ] Motor Vehicle Accident
- [ ] Premises

*Product Liability*
- [ ] Asbestos/Silica
- [ ] Other Product Liability List Product: _____
- [ ] Other Injury or Damage: _____

**Real Property**
- [ ] Eminent Domain/Condemnation
- [ ] Partition
- [ ] Quiet Title
- [ ] Trespass to Try Title
- [ ] Other Property: _____

**Related to Criminal Matters**
- [ ] Expunction
- [ ] Judgment Nisi
- [ ] Non-Disclosure
- [ ] Seizure/Forfeiture
- [ ] Writ of Habeas Corpus—Pre-indictment
- [ ] Other: _____

**Employment**
- [ ] Discrimination
- [ ] Retaliation
- [ ] Termination
- [ ] Workers' Compensation
- [ ] Other Employment: _____

**Other Civil**
- [ ] Administrative Appeal
- [ ] Antitrust/Unfair Competition
- [ ] Code Violations
- [ ] Foreign Judgment
- [ ] Intellectual Property
- [ ] Lawyer Discipline
- [ ] Perpetuate Testimony
- [ ] Securities/Stock
- [ ] Tortious Interference
- [X] Other: _____

### Family Law

**Marriage Relationship**
- [ ] Annulment
- [ ] Declare Marriage Void

*Divorce*
- [ ] With Children
- [ ] No Children

**Other Family Law**
- [ ] Enforce Foreign Judgment
- [ ] Habeas Corpus
- [ ] Name Change
- [ ] Protective Order
- [ ] Removal of Disabilities of Minority
- [ ] Other: _____

**Post-judgment Actions (non-Title IV-D)**
- [ ] Enforcement
- [ ] Modification—Custody
- [ ] Modification—Other

**Title IV-D**
- [ ] Enforcement/Modification
- [ ] Paternity
- [ ] Reciprocals (UIFSA)
- [ ] Support Order

**Parent-Child Relationship**
- [ ] Adoption/Adoption with Termination
- [ ] Child Protection
- [ ] Child Support
- [ ] Custody or Visitation
- [ ] Gestational Parenting
- [ ] Grandparent Access
- [ ] Paternity/Parentage
- [ ] Termination of Parental Rights
- [ ] Other Parent-Child: _____

### Tax
- [ ] Tax Appraisal
- [ ] Tax Delinquency
- [ ] Other Tax

### Probate & Mental Health

*Probate/Wills/Intestate Administration*
- [ ] Dependent Administration
- [ ] Independent Administration
- [ ] Other Estate Proceedings

- [ ] Guardianship—Adult
- [ ] Guardianship—Minor
- [ ] Mental Health
- [ ] Other: _____

## 3. Indicate procedure or remedy, if applicable *(may select more than 1)*:

| | | |
|---|---|---|
| ☐ Appeal from Municipal or Justice Court | ☐ Declaratory Judgment | ☐ Prejudgment Remedy |
| ☐ Arbitration-related | ☐ Garnishment | ☐ Protective Order |
| ☐ Attachment | ☐ Interpleader | ☐ Receiver |
| ☐ Bill of Review | ☐ License | ☐ Sequestration |
| ☐ Certiorari | ☐ Mandamus | ☐ Temporary Restraining Order/Injunction |
| ☐ Class Action | ☐ Post-judgment | ☐ Turnover |

**4. Indicate damages sought (*do not select if it is a family law case*):**
☐ Less than $100,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees
☐ Less than $100,000 and non-monetary relief
☐ Over $100, 000 but not more than $200,000
☒ Over $200,000 but not more than $1,000,000
☐ Over $1,000,000

Rev 2/13