IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| WESLEY E. WRIGHT on behalf of § <br> the ESTATE OF RICHARD H. BOYD, § <br> a/k/a RICHARD H. BOTZ, DECEASED, and § <br> ELLEN A. LLOYD, individually and as § <br> Personal Representative for MARGARET E. § <br> BOTZ § <br> § <br> V. § <br> § <br> METLIFE GROUP, INC. § | CIVIL ACTION NO. 4:16-CV-02214 |

## PLAINTIFFS' FIRST AMENDED PETITION

TO THE HONORABLE JUDGE OF THIS COURT:

COME NOW Plaintiffs, Wesley E. Wright, on behalf of the Estate of Richard H. Boyd, a/k/a Richard H. Botz, and Ellen A. Lloyd, individually, and as the Personal Representative for the Estate of Margaret E. Botz (collectively, "Plaintiffs"), and file this Original Petition against Defendant, Metlife Group, Inc. and, in support thereof, show the Court as follows:

### Parties

1. Plaintiff, Wesley E. Wright (the "Administrator") is the Independent Administrator of the Estate of Richard H. Boyd, a/k/a Richard H. Botz ("the Estate"). The Administrator resides in Harris County, Texas, which is also the location of Boyd's death.

2. Plaintiff, Ellen A. Lloyd ("Lloyd"), is an individual residing in Wisconsin and hereby submits to the jurisdiction of this Court.

3. Plaintiff, Ellen A. Lloyd, as the Personal Representative for the Estate of Margaret E. Botz ("Botz").

4. Defendant, MetLife Group, Inc. ("Metlife") is an insurance company doing business in the State of Texas and has appeared through counsel herein.

## Facts

5. In 1988, Richard H. Boyd, a/k/a Richard H. Botz ("Boyd") purchased Metlife Group Universal Life Insurance coverage through his employer, Bechtel Corporation. Coverage was provided under Metlife group policy number 0098020 (the "Policy"). The certificate number for the Policy was 0622372, with an effective date of April 1, 1988.

6. Boyd made timely payments on the Policy and its coverage continued throughout the duration of Boyd's life. Boyd died intestate on June 24, 2014 in Harris County, Texas. His only living heirs were his sister, Ellen A. Lloyd, and his mother, Margaret E. Botz. Boyd was never married nor did he have any children.

7. On October 14, 2014, the Administrator filed a claim with Metlife on behalf of the Estate seeking benefits under the Policy. The Administrator mailed to Metlife a complete Life Insurance Claim Form, Claimant's Statement and Claimant's Affidavit, along with Letters of Administration and a certified copy of Boyd's Death Certificate. The Administrator's Metlife claim number was 21407002690.

8. Shortly after filing the Estate's claim, the Administrator learned that the named beneficiary on the Policy may be "Uncle Grover Boyd." However, Boyd's birth surname was "Botz," his mother's maiden name was "Ostertag," and he did not have an uncle named "Grover." Moreover, "Grover" was actually one of Boyd's many aliases.

9. On February 18, 2015, the Administrator followed-up on the Estate's claim to Metlife with a detailed letter explaining the aforementioned situation about Boyd's surnames, aliases, and absence of an uncle named "Grover." To substantiate the information in the letter, the

Administrator provided Metlife with, among other things, copies of Boyd's social security card, birth certificate, individual tax returns, Texas driver's licenses, his parents' marriage certificate, and his father's death certificate.

10. On March 11, 2015, Metlife sent a letter to the Administrator informing him that the company had received the Estate's claim, but "[d]ue to special circumstances," its evaluation of the claim would be delayed for a short period of time.

11. On March 23, 2015, Metlife sent a letter to the Administrator denying the Estate's request for Policy benefits. Metlife denied the Estate's claim because it alleged that the Estate was not a named beneficiary. Furthermore, despite the plethora of certified documents from the Administrator establishing the non-existence of an "Uncle Grover Boyd," Metlife maintained that it was "unable to confirm whether the designated beneficiary is nonexistent." Although Plaintiffs believe the named beneficiary to be "Uncle Grover Boyd," Metlife refuses to confirm or deny the name of the beneficiary, let alone provide the purported document wherein Boyd made the designation.

12. On December 21, 2015, the Administrator re-submitted the Estate's claim for Policy benefits. The following day, Metlife once again sent a letter to the Administrator stating that it needed additional time to evaluate the claim.

13. On January 7, 2016, Metlife denied the Estate's claim for Policy benefits for a second time in the face of clear evidence that the named beneficiary does not exist.

14. On January 28, 2016, Ellen Lloyd (Boyd's sister) filed a claim with Metlife as attorney-in-fact for Margaret Botz (Boyd's mother), requesting Policy benefits. Lloyd's Metlife claim number was 21412002005.

15. On February 12, 2016, Metlife mailed a letter to Lloyd denying her claim for Policy benefits on behalf of Botz. The letter was identical to the ones sent to the Administrator on March 23, 2015 and January 7, 2016. In other words, Metlife once again denied Policy benefits in the face of clear evidence to the contrary.

## Causes of Action

### A. First Cause of Action—Violations of Texas Insurance Code § 541

16. Plaintiffs incorporate the allegations contained in the previous paragraphs.

17. The actions, omissions and conduct of Metlife are unfair settlement practices and unfair claim settlement practices and violate § 541 (formerly 21.21) and § 542A of the Texas Insurance Code. Metlife's unfair settlement practices include, but are not limited to, the following:

   1) failing to attempt in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims when Metlife's liability had become reasonably clear; and

   2) refusing to pay Plaintiffs' claims without conducting a reasonable investigation and/or conducting a pretextual investigation.

18. Plaintiffs incorporate the allegations contained in the previous paragraphs. One or more of these acts or omissions were done knowingly and Plaintiffs are entitled to an award of an amount three times their actual damages under § 541.152 of the Texas Insurance Code.

### B. Second Cause of Action—Violation of Texas Insurance Code § 542B

19. Plaintiffs incorporate the allegations contained in the previous paragraphs.

20. Metlife has, after receiving all items, statements, and information reasonably necessary to pay the claims, unreasonably delayed payment of Plaintiffs' claims. Accordingly, Plaintiffs are entitled to the recovery of the amount of their claims, interest on the amount of their claims at the

rate of 18 percent a year as damages, together with reasonable attorney's fees under § 542.060 of the Texas Insurance Code.

### C. Third Cause of Action—Breach of Duty of Good Faith and Fair Dealing

21. Plaintiffs incorporate the allegations contained in the previous paragraphs.

22. A special relationship of trust and confidence exists between Metlife and Plaintiffs, creating Metlife's duty of good faith and fair dealing as to Plaintiffs. Metlife breached its duty of good faith and fair dealing when it denied Plaintiffs Policy proceeds which the premium payments made to Metlife should have provided. Metlife ignored the proper legal standard, misrepresented the law, and intentionally misapplied and misconstrued the policy provisions and exclusions and unreasonably denied and refused to pay benefits owed under the policy. Plaintiffs sue Metlife for actual and exemplary damages resulting from Metlife's breach of its duty and good faith and fair dealing. Metlife's conduct amounts to bad faith and unconscionable conduct.

### Relief

23. Plaintiffs request the Court order that:

   a. Metlife pay the full amount due under the Policy;

   b. Metlife pay Plaintiffs' actual damages for Metlife's violation of the Texas Insurance Code;

   c. Metlife pay exemplary and/or treble damages for its violations of § 541 and § 542 of the Texas Insurance Code;

   d. Metlife pay Plaintiffs' actual damages for its breach of duty of good faith and fair dealing owed to Plaintiffs;

e. Metlife pay exemplary damages for its breach of duty of good faith and fair dealing;

f. Metlife pay an 18% penalty under § 542 of the Texas Insurance Code for its unreasonable denial and delay in paying Policy benefits;

g. Metlife pay all of Plaintiffs' costs of suit, attorney's fees and expenses incurred in connection with asserting their rightful claim to Policy proceeds, and defending against any claims, defenses, or other such pleadings Metlife may file against Plaintiffs in all their capacities;

h. Metlife pay Plaintiffs' pre- and post-Judgment interest on all damages; and

i. Plaintiffs have all further relief to which they are entitled.

          Respectfully submitted,

          CRAIN, CATON & JAMES, P.C.

By: *Joshua R. Flores*
Sarah Patel Pacheco
State Bar No. 00788164
spacheco@craincaton.com
Joshua R. Flores
Federal ID No. 2191276
jflores@craincaton.com
1401 McKinney, Suite 1700
Houston, Texas 77010
(713) 658-2323
(713) 658-1921 Facsimile

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

     I hereby certify that on February 10, 2017, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Ms. Linda G. Moore
ESTES THORNE & CARR PLLC
3811 Turtle Creek Blvd., Suite 2000
Dallas, TX  75219

                                      /s/ *Joshua R. Flores*
                                      Joshua R. Flores