United States District Court
Southern District of Texas

**ENTERED**

February 23, 2017

David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WESLEY E. WRIGHT on behalf of | § | |
| the ESTATE OF RICHARD H. BOYD, | § | |
| a/k/a RICHARD H. BOTZ, DECEASED, and | § | |
| ELLEN A. LLOYD, individually and as | § | |
| Personal Representative for the ESTATE of | § | |
| MARGARET E. BOTZ | § | |
| | § | CIVIL ACTION NO. 4:16-CV-02214 |
| | § | |
| V. | § | |
| | § | |
| METLIFE GROUP, INC. | § | |

## FINAL JUDGMENT

CAME to be considered the Unopposed Motion for Final Judgment filed by Plaintiffs

Wesley E. Wright, on behalf of the Estate of Richard H. Boyd a/k/a Richard H. Botz, Deceased

(the "Estate"), and Ellen A. Lloyd, individually, and as Personal Representative for Margaret E.

Botz.

Based on the pleadings filed by the parties and Plaintiff's Unopposed Motion for Final

Judgment, the Court makes the following factual findings in support of this Final Judgment:

1. Richard H. Boyd ("Decedent") was employed by Bechtel Global Corporation ("Bechtel") and died on June 24, 2014. Through his employment with Bechtel, Decedent had coverage under a Group Universal Life Policy (the "GUL Policy"), which amounted to $272,773.00 at the time of his death ("GUL Benefits").

2. Metropolitan Life Insurance Company ("MetLife") issued the GUL Policy, Policy Number 34275-G, which provided the GUL coverage to Bechtel employees, including Decedent.

3. Pursuant to the terms of the GUL Policy, the GUL Benefits are payable to the beneficiary designated by the Covered Person. Decedent was the "Covered Person" under the GUL Policy. Also, pursuant to the terms of the GUL Policy, if there is no beneficiary, the benefits payable "will be paid to your estate." The GUL Policy further states that "we may instead pay all or part of that amount to one or more of the following persons who are related to you" – spouse, child(ren), parents.

4.   Decedent designated Robert Boyd, Uncle, as the beneficiary of the GUL Benefits.

5.   Plaintiffs Wesley E. Wright, on behalf of the Estate of Richard H. Boyd a/k/a Richard H. Botz, Deceased, and Ellen A. Lloyd, individually, and as attorney-in-fact for Margaret E. Botz, filed this action against MetLife Group, Inc. to recover group life insurance benefits payable as a result of the death of Richard H. Boyd.

6.   In response to Plaintiffs' Petition, MetLife filed an Answer and Counterclaim for Declaratory Judgment asking the Court to determine whether the GUL Benefits are payable to Robert Boyd or one of the Plaintiffs.  MetLife also stated in its pleading that MetLife Group, Inc. was incorrectly named as the Defendant and that the proper Defendant is Metropolitan Life Insurance Company, which issued the GUL Policy.

7.   Margaret E. Botz died on October 1, 2016, in Winnebago County, Wisconsin.

8.   On February 10, 2017, Plaintiffs filed a Suggestion of Death and filed a First Amended Petition against MetLife Group, Inc. naming Ellen A. Lloyd as the Personal Representative of the Estate of Margaret E. Botz, Deceased, in place of Ellen A. Lloyd, attorney-in-fact for Margaret E. Botz.

9.   MetLife filed an Answer and Counterclaim for Declaratory Judgment in response to Plaintiffs' First Amended Petition.

10.  On February 16, 2017, Plaintiffs filed an Unopposed Motion for Final Judgment.

11.  Attached to Plaintiffs' Unopposed Motion for Final Judgment is the Affidavit of Plaintiff Ellen A. Lloyd, sister of Decedent.  Ms. Lloyd states in the Affidavit that Decedent does not have an uncle, or any other relative, named Robert Boyd.

12.  MetLife has stated that it has not received a claim for the GUL Benefits from a Robert Boyd and it has attempted, but has been unable to locate a Robert Boyd or verify that a Robert Boyd, who is an uncle of Decedent, exists.

13.  Plaintiff Ellen A. Lloyd, individually, and as Personal Representative of Margaret E. Botz, and Defendant MetLife do not oppose this Motion and the payment of the GUL Benefits to the Estate.

After considering these facts, the Court finds that there is no evidence that Robert Boyd as the uncle, or relative, of Richard H. Boyd exists and that the proper beneficiary of the GUL Benefits is the Estate.   Accordingly, Plaintiffs' Unopposed Motion for Final Judgment is GRANTED, the Estate is awarded the GUL Benefits and it is ORDERED that:

2

1.  MetLife pay the GUL Benefits, plus all accrued interest, to the Estate of Richard H. Boyd a/k/a Richard H. Botz, Deceased;

2.  MetLife, MetLife Group, Inc. and Bechtel Global Corporation be discharged from any further liability arising out of the GUL Benefits and GUL Policy;

3.  All claims alleged by Plaintiffs and Defendant are DISMISSED WITH PREJUDICE; and

4.  Each party shall bear their own costs.

This Final Judgment disposes of all claims and all parties of record, and any and all relief not specifically granted herein is denied.

Signed on ___February 21___, 2017, at Houston, Texas.

LEE H. ROSENTHAL
UNITED STATES DISTRICT JUDGE

3